MARIKO MAE ASHLEY
CA Bar No. 311897
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: 650-684-0943
mariko.ashley@eeoc.gov

DAMIEN A. LEE
DC Bar No. 430135
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3038
Email: damien.lee@eeoc.gov

*Attorneys for Plaintiff EEOC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE EAGLE CONTRACTING, INC.,<br><br>Defendant. | Case Number<br>3:26-cv-00226-CSD<br><br>**[PROPOSED] CONSENT DECREE** |

## I. INTRODUCTION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on March 31, 2026 against Defendant Blue Eagle Contracting, Inc. ("Defendant") (together, the "Parties") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Paul Gerstman ("Charging Party") who was adversely affected by such practices. [ECF 1]. The EEOC alleged that Defendant unlawfully discriminated against

Charging Party on the basis of his religion by failing to accommodate his sincerely held religious belief and practice of attending church on Sunday mornings, and by causing his constructive discharge. Defendant denies the EEOC's allegations in the Complaint. [ECF 1]. This Decree is not an admission of liability by Defendant—however, Defendant agrees to the Consent Decree ("Decree") to resolve this matter and avoid the cost, burden and uncertainty of litigation.

2. The Parties want to conclude fully and finally all claims arising out of the EEOC's Complaint. The EEOC and Defendant enter this Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and Title I of the Civil Rights Act of 1991.

4. Defendant will not contest the jurisdiction of the Court to enforce this Decree and its terms.

## III. SETTLEMENT SCOPE

5. The provisions contained herein are effective immediately on the date that this Decree is entered by the Court ("Effective Date").

6. This Decree is intended to serve as, and is, the full, final, and complete resolution of the allegations or claims of alleged unlawful employment practices that were contained in the EEOC's Complaint [ECF 1] filed in this Court and constitutes a complete resolution of all claims of discrimination that were made based on EEOC Charge No. 550-2023-02622 filed by Charging Party.

7. The Parties will each bear their own costs and attorney's fees in this action.

8. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to comply with the applicable terms of the Decree.

9. Nothing in this Decree shall be construed to limit or reduce Defendant's obligations to comply fully with Title VII, Title I of the Civil Rights Act of 1991, or any other federal

employment statute.

10. This Decree in no way affects the EEOC's right to bring, process, consider, investigate, or litigate other charges or lawsuits that may exist or that may later arise against Defendant, in accordance with standard EEOC procedures.

11. This Decree is binding on and enforceable against Defendant Blue Eagle Contracting, Inc. and its managers, supervisors, human resources personnel, representatives, officers, agents, directors, successors and assigns during the term of the Decree.

12. With respect to promulgation of policies and training to address equal employment opportunities, as set out in Paragraphs 31-45 below, this Decree applies to Defendant's employees in Nevada during the term of this Decree.

13. During the duration of this Decree, Defendant shall provide prior written notice to any potential or actual purchaser of its business(es), or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, about the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.

14. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and approved by the Parties. Any substantive change, modification, or amendment of any provision of this Decree shall also require approval by the Court.

15. If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect.

## IV. MONETARY RELIEF

16. Defendant shall pay the Charging Party a gross amount of Sixty Thousand Dollars and Zero Cents ($ 60,000.00) ("Settlement Sum") to be paid as indicated in Paragraph 18.

17. The gross amount of the Settlement Sum shall be allocated as follows for tax purposes:

a. Thirty Thousand Dollars and Zero Cents ($30,000.00) shall be paid by separate check to Charging Party for alleged lost wages, subject to standard tax withholdings. Defendant shall pay the employer's portion of all deductions required by law, including, but not limited to, FICA and FUTA taxes, which shall not be deducted from payment of any settlement amount(s). The EEOC shall provide Defendant with a completed IRS W-4 Form for the Charging Party.

b. The remaining Thirty Thousand Dollars and Zero Cents ($30,000.00) shall be paid by separate check to Charging Party for alleged emotional distress, pain and suffering. This amount is subject to reporting by a 1099-MISC. The non-wage amount to Charging Party shall not be reduced by any tax withholdings. The EEOC shall provide Defendant with a completed IRS W-9 Form for the Charging Party.

18. The Settlement Sum shall be paid in full within thirty (30) days of the Effective Date of this Decree.,

19. Within three (3) days of the Effective Date of this Decree, the EEOC shall provide Defendant with the W-4 and W-9 Forms and an address where all payments should be mailed.

20. Defendant shall issue an IRS form W-2 for the wage payment to Charging Party and an IRS form 1099-MISC for the non-wage payments designating the amount as "other income," and shall make such reports as necessary and appropriate under state and federal tax laws.

21. For the Settlement Sum, Defendant shall simultaneously transmit copies of the checks, together with an accounting of the employee deductions and employer contributions for wage payments to the Charging Party, and provide tracking information for the delivery of the checks and information to: *EEOC-SFDO_COMPLIANCE@eeoc.gov* and *SFDO-BlueEagle@eeoc.gov*.

22. Defendant will not condition the receipt of monetary relief on Charging Party's agreement to (a) maintain as confidential the facts and/or allegations underlying his claim, the Complaint, or the terms of this Decree; (b) waive his statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) any non-

disparagement and/or confidentiality agreement.

23. **EEOC's Reporting Requirements Under IRC Sections 162(f) and 6050X.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS). The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code. Defendant's EIN is 68-0292171. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is Blue Eagle Contracting, Inc. 113 Presley Way, Suite 8 Grass Valley, CA 95945, with a courtesy copy mailed to the attention of to Dora Lane, Ascent Law, PC, 5470 Kietzke Lane, Suite 300, Reno, Nevada 89511.

## V. INJUNCTIVE RELIEF

### A. GENERAL PROVISIONS

24. Defendant, including its officers, agents, directors, managers, supervisors, human resources personnel, employees, successors, and assigns are enjoined from unlawfully discriminating against employees on the basis of religion, religious practices, and requests for religious accommodation.

25. In recognition of its obligations under Title VII and Title I of the Civil Rights Act of 1991, Defendant shall institute the policies and practices described in Paragraphs 26-55 below:

### B. SUBJECT MATTER EXPERT

26. Within ninety (90) days of the Effective Date of this Decree, Defendant shall either engage, or retain and onboard, a Consultant that is an external individual or organization with

expertise and experience in employment discrimination, including religious discrimination under Title VII, as well as related employment policies, practices, and workplace investigations to assist with the implementation of this Decree—that is, a Subject Matter Expert ("SME"). Defendant must ensure that it has an SME for the entire duration of this Decree. Defendant, with the SME's assistance, will ensure that it is in strict compliance with the reporting requirements outlined within this Decree. Defendant shall bear all costs related to the performance of the SME's duties required by this Decree.

27. Within sixty (60) days of the Effective Date of this Decree, Defendant shall provide materials related to the SME's experience and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of the Decree, to the EEOC for review and comment. Within fourteen (14) days of receipt, the EEOC will advise the Defendant of any comments on its proposed SME.

28. Defendant will collaborate with the SME when implementing this Decree. The SME must:

a. Assist with the review, revision, and implementation of policies and procedures that prohibit discrimination based on religion, religious practices, and requests for religious accommodation as described in Paragraphs 32(a)-32(i);

b. Assist Defendant in providing employee training on workplace discrimination, their rights and responsibilities under Title VII, Defendant's anti-discrimination policies and procedures, investigations of workplace discrimination, and this Decree as described in Paragraphs 42-45;

c. Assist Defendant to provide additional training to all supervisors, managers, leads, and human resources personnel as described in Paragraphs 38-41; and

d. Assist Defendant with the review, revision, and implementation of procedures and policies for investigation of all complaints related to employment discrimination and provide training to Defendant's employees on those procedures and policies described in Paragraphs 33(a)-33(i).

e. Upon request from Defendant's human resources personnel, be available to assist

with, advise on, or conduct investigations of discrimination, including allegations that Defendant failed to accommodate an employee's sincerely held religious belief. The SME may make recommendations to interview certain witnesses, collect documents, or take actions in response to an investigation.

29. Defendant shall ensure that the SME has access to all records, documents, data, and other sources of information, including the ability to interview complainants, witnesses and Defendant's personnel, as the SME deems necessary or appropriate to perform the duties required by the Decree.

30. If at any point during the Decree, the SME is no longer able to perform the aforementioned duties, Defendant shall identify a proposed replacement SME and submit materials related to the replacement SME's experience and expertise to the EEOC within thirty (30) days of determining that the SME can no longer perform its duties. The EEOC will provide any comments within fifteen (15) days of identification.

## C. ANTI-DISCRIMINATION POLICIES AND PROCEDURES

31. Within one hundred and twenty (120) days from the Effective Date of this Decree and for its duration, Defendant shall, in consultation with the SME, review its anti-discrimination policies and procedures that prohibit discrimination under Title VII and explain to employees their rights and responsibilities under the EEO laws, and which will be subject to periodic updating to reflect changes in the laws. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation, and shall be implemented within one hundred and fifty (150) days of the Effective Date of this Decree. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments. Defendant will cooperate in good faith to revise the policies and procedures to address the EEOC's comments.

32. The policies against discrimination shall include, at a minimum, the following provisions:

a. A strong and clear commitment to equal employment opportunities and a workplace free of discrimination with statements prohibiting discrimination based on religion, religious practices, or requesting religious accommodation;

b. A statement that Defendant will reasonably accommodate an employee's sincerely held religious beliefs, practices, or observances unless doing so would impose an undue burden on Defendant's business, as defined by applicable law;

c. A step-by-step guide for requesting religious accommodation, including: (1) a procedure for submitting a written or verbal request, (2) prompt written acknowledgment by Defendant within five (5) business days of receipt of the request, (3) a good-faith, interactive process for determining whether a reasonable accommodation exists, (4) documentation of the interactive process in writing, (5) thorough review and assessment of the request by a person with knowledge and experience of the requirements of Title VII, (6) a written decision provided to the employee within fifteen (15) days which details the reasons why the accommodation was granted or denied, and (7) notification of the reconsideration process if the employee's accommodation request is denied;

d. An avenue for employees to seek reconsideration if a reasonable accommodation request is denied, including a written reconsideration decision provided to the employee within twenty (20) days;

e. A requirement that all supervisory and managerial employees promptly escalate all requests for religious accommodation to Defendant's Human Resources department or the appropriate person who will review and assess an employee's accommodation request, within three (3) business days of receiving such request;

f. A requirement that all supervisory and managerial employees promptly escalate all oral and written complaints of prohibited discrimination based on religion they witness to Defendant's Human Resources department for investigation, within three (3) business days of receiving such a complaint or witnessing such discrimination;

g. A description of the possible consequences, up to and including, termination, that will be imposed for violating the policies against discrimination;

h. A statement that Defendant's anti-discrimination policies apply to all persons,

including officers, directors, managers, supervisors, employees, vendors, suppliers, clients, third parties, and customers; and

i. A statement that no employee or applicant will be retaliated against for requesting religious accommodation or participating in the accommodation process.

33. Defendant's anti-discrimination policies shall also include an investigation procedure to ensure prompt, fair and competent investigations of complaints of discrimination. The procedures shall, at a minimum, include:

a. A clearly described complaint process that provides accessible and confidential avenues of lodging a complaint with the contact information, including name, address, telephone number, and website of persons both internal at Defendant (e.g., Human Resources Department) and external (EEOC and state Fair Employment Practices Agency) to whom applicants and employees can report discrimination and a general overview of Defendant's investigation process, including, but not limited to, providing both the complainant and the accused with written notice of the investigation's completion and notice that corrective actions, if necessary, were timely taken;

b. Written acknowledgement of receipt of complaint within three (3) business days providing notice that an Investigator will contact complainant directly to schedule an interview and conduct a confidential investigation. A statement that all reports and complaints will be formally investigated by Defendant's Investigator;

c. A statement that employees are encouraged to make complaints directly to Defendant's Human Resources department;

d. A statement that the investigation will timely begin after the Complainant has been contacted by the Investigator. The Investigator will begin the Investigation, no later than fifteen (15) business days after making contact with the Complainant, absent extenuating circumstances. The Investigator will timely complete all investigations within forty-five (45) business days, absent extenuating circumstances, and will provide an update regarding the status or anticipated completion date if an

investigation is predicted to exceed forty-five (45) business days;

e. A statement that the Investigator will interview witnesses, including managers and supervisors;

f. A statement of commitment that, to the maximum extent feasible, confidentiality for the person bringing complaints of discrimination will be maintained;

g. A statement that Defendant will maintain documentation of the original complaint, investigation, findings of the investigation, and corrective action taken, if any, for the duration of this Decree;

h. A statement that Defendant will take immediate and proportionate corrective action when it determines that discrimination has occurred, consistent with its policies and applicable law; and

i. A statement that the results of each investigation, including a general description of the remedial actions taken, if any, will be communicated to the complainant within five (5) business days after the conclusion of the investigation.

34. Defendant must maintain a dedicated e-mail address and phone number to which any employee or witness may direct a complaint of discrimination or request for accommodation.

35. Within one hundred and fifty (150) days from the Effective Date of this Decree, Defendant shall distribute a copy of its anti-discrimination policies and complaint procedures, either in paper or electronic form, to all applicants and employees, and shall make the policies readily accessible electronically and physically at Defendant's offices and locations.

36. Subsequent to the initial EEO policy review process described in Paragraphs 31-33 above, if Defendant proposes any material modifications to its written anti-discrimination policies or complaint procedures during the duration of this Decree, Defendant shall submit such proposed material modifications to the EEOC for its review and consideration no later than thirty (30) days before adoption. The EEOC will notify Defendant within fifteen (15) days of receipt of the proposed modifications if it has any comments. Defendant will cooperate in good faith to revise the modified policies and procedures to address the EEOC's comments.

37. For purposes of this Section, "material modifications" shall refer to any

modifications to the substantive provisions referenced in Paragraphs 31-33 above.

**D. SUPERVISORY AND MANAGERIAL TRAINING**

38. Defendant shall provide at least two (2) hours of specialized, live and interactive training for all supervisory, managerial, and human resources personnel (including leads) on an annual basis during the duration of this Decree. The first training shall be conducted no later than one hundred eighty (180) days after the Effective Date of this Decree. The following trainings must be conducted on an annual basis on a date to be determined by Defendant (i.e., within one (1) year of the previous training). "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. These EEO trainings shall include instruction on Defendant's Title VII policies and internal complaint procedures, including, but not limited to:

a. The requirements of the Title VII;

b. Title VII's prohibition against discrimination and harassment on the basis of religion, including an employer's duty to provide a reasonable accommodation for a sincerely held religious belief unless it would result in undue hardship;

c. Title VII's prohibition against retaliation for engaging in protected activity;

d. Defendant's Title VII policies and the processes by which an employee can request a reasonable accommodation for a sincerely held religious belief;

e. The interactive process and documentation of the interactive process;

f. Who employees may report to when experiencing or witnessing discrimination in violation of Title VII or Defendant's policies, including Defendant's Human Resources department;

g. Recognition that employees are not required to use specific legal terms when requesting religious accommodation;

h. Explanation of the obligation to promptly elevate religious accommodation requests to Defendant's Human Resources department;

i. Explanation of the obligation to Defendant's Human Resources department of any reports of discrimination, including failure to accommodate a sincerely held religious belief;

j. Employee rights and employer responsibilities under Title VII, and Defendant's policies and procedures for reporting and handling complaints of discrimination;

k. Directors/managers/supervisors' responsibilities under Defendant's policies, including what conduct is required to be immediately escalated under Defendant's policy and Title VII; and

l. Explanation of the duty to avoid comments or actions that could be perceived as dismissive, hostile, or retaliatory;

m. Review of real-world examples, hypotheticals, or case studies involving religious accommodation requests, such as: scheduling conflicts, time-off and shift assignments; dress and grooming requirements; or workplace conduct.

39. The training shall be developed and conducted by Defendant in consultation with the SME, unless Defendant retains an outside vendor/provider to conduct the trainings. Training materials and background information about the provider shall be submitted to the EEOC no later than thirty (30) days prior to the first scheduled training. Within fourteen (14) days of receipt, the EEOC will advise Defendant of its comments, if any. Defendant will cooperate in good faith to address the EEOC's comments.

40. If an employee is hired, promoted, or transferred into a managerial or supervisory role, Defendant shall provide the employee with the requisite training within thirty (30) days of assuming that position, unless the employee has already taken the training within one year of their hire, promotion or transfer.

41. Defendant shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 38-40 and shall specify the names and job titles of the individual employees who participated in and completed the training and the dates the training was completed by each individual. Defendant shall also indicate the names and job titles of any individuals who were unable to complete the training and the anticipated dates for completion of the training requirement. This information shall be provided as part of the annual reports Defendant submits to the EEOC.

**E. TRAINING FOR NON-SUPERVISORY EMPLOYEES**

42. Defendant shall provide at least two (2) hours of specialized, live and interactive training for all non-supervisory employees an annual basis during the duration of this Decree. The first training shall be conducted no later than one hundred eighty (180) days after the Effective Date of this Decree. The following trainings must be conducted on an annual basis on a date to be determined by Defendant (i.e., within one (1) year of the previous training). "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. These EEO trainings shall include instruction on Defendant's Title VII policies and internal complaint procedures, including, but not limited to:

a. The requirements of Title VII;

b. Title VII's prohibition against discrimination on the basis of religion, including failing to provide a reasonable accommodation for a sincerely held religious belief unless it would result in undue hardship;

c. Title VII's prohibition against retaliation for engaging in protected activity;

d. Defendant's Title VII policies and the processes by which an employee can request reasonable accommodation for a sincerely held religious belief;

e. Who employees may report to when experiencing or witnessing discrimination in violation of Title VII or Defendant's policies, including Defendant's Human Resources department;

f. How to notify Defendant's Human Resources department of any reports of discrimination, including failure to accommodate a sincerely held religious belief;

g. Employee rights and employer responsibilities under Title VII, and Defendant's policies and procedures for reporting and handling complaints of discrimination;

43. The training shall be developed and conducted by Defendant in consultation with the SME, unless Defendant retains an outside vendor/provider to conduct the trainings. Training materials and background information about the provider shall be submitted to the EEOC no later than thirty (30) days prior to the first scheduled training. Within fourteen (14) days of receipt, the EEOC will advise Defendant of its comments, if any. Defendant will cooperate in good faith to address the EEOC's comments.

44. Defendant shall provide either in person or through an online–interactive module EEO training to new hires within thirty (30) days of the employee's hire date. Employees required to receive online, interactive training shall be provided an opportunity to submit questions to, and to receive answers from, human resources personnel or the SME regarding the materials covered.

45. Defendant shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 42-44 and shall specify the names and job titles of the individual employees who participated in and completed the training and the dates the training was completed by each individual. Defendant shall also indicate the names and job titles of any individuals who were unable to complete the training and the anticipated dates for completion of the training requirement. This information shall be provided as part of the annual reports Defendant submits to the EEOC.

## VI. NON-DISCLOSURE OF INFORMATION

46. Defendant shall ensure that any charge, allegation of discrimination, or reference to this lawsuit against Defendant is retained in a confidential file, separate from the personnel records of the Charging Party.

## VII. NOTICE POSTING

47. Defendant shall post a Notice to All Employees within five (5) days of the Effective Date of this Decree. This Notice is attached as **Exhibit A** to this Decree. The Notice shall be conspicuously posted at all Defendant physical locations and electronically transmitted to all employees, including all Drivers, during the duration of the Decree.

## VIII. REPORTING

48. Defendant shall submit annual reports to EEOC for the duration of this Decree. The first report shall be submitted six (6) months after the Effective Date; the remaining reports shall be submitted bi-annually (i.e., 6 months after the last report was submitted). The reports shall be in writing and submitted to: EEOC-SFDO_COMPLIANCE@eeoc.gov and SFDO-BlueEagle@eeoc.gov. These reports shall contain the following information and attachments:

a. Certification that Defendant has:

i. Continued to maintain the written policy and procedures and distributed

copies of the policies as described in Paragraphs 31-35;

ii. Complied with the Notice Posting requirement in Paragraph 47;

iii. Complied with the training provisions for supervisory and managerial employees, as provided in Paragraphs 38-41, and a list of all attendees, with job titles, and dates for each training completed, as well as the names, job titles, and anticipated dates of completion for any supervisory employees who were unable to take the training within the required time frames;

iv. Complied with the training provisions for non-supervisory employees, as provided in Paragraphs 42-45, and a list of all attendees, with job titles, and dates for each training completed, as well as the names, job titles, and anticipated dates of completion for any non-supervisory employees who were unable to take the training within the required time frames; and

v. Complied with all other provisions of this Decree.

b. Copies of the following documents shall be included with each report:

i. A copy of Defendant's current EEO policies and a list of any changes, modifications, or revisions to its EEO policies and procedures, if any, and any changes, modifications, or revisions to policies which concern or affect discrimination or equal employment opportunity.

ii. Defendant shall provide the following information for each internal complaint related to religious discrimination from employees: a unique numerical identifier for the complainant; the nature of complaint; the dates of the complaint and determination; whether an accommodation was requested and details sufficient to describe the requested accommodation; whether accommodation was granted and details sufficient to describe the granted accommodation; whether the complaint was substantiated, or not; whether an employee's employment status changed (termination, demotion, involuntary transfer, or involuntary leave of absence), and whether corrective action was taken. If there is no activity to report pursuant to this

subsection, Defendant shall send the EEOC confirmation stating that there is no activity to report.

c. For the term of this Consent Decree, Defendant shall maintain all documents related to the complaints summarized in Paragraph 48(b)(ii) including, but not limited to, documentation of the name of the complaining employee; last known contact information for the complaining employee; the nature of the complaint; the identity(ies) of the subject(s) of the complaint; the identity(ies) of the decision-makers involved in the investigation; the reason(s) the complaint was or was not substantiated; and any corrective action taken, if appropriate.

d. Defendant shall provide copies of the documents identified in Paragraph 48(c) to the EEOC upon request. Within fourteen (14) days of receipt of such a request, Defendant will advise the EEOC of any concerns it has about the scope or burden of the request. Defendant and the EEOC will work together in good faith to address Defendant's concerns within fourteen (14) days of its objection. Defendant will produce the documents within twenty-one (21) days of EEOC's request, or within fourteen (14) days of resolution of any Defendant's concerns, whichever is later.

49. Defendant shall provide the information mandated in Paragraphs 48(a)(iii), 48(a)(iv), and 48(b)(ii) in one of the following searchable formats: Excel, Access, or ASCII delimited ("csv"). Regardless of the format, the first row shall consist of the field (or variable) names or unique numerical identifier. There must be one column for each field (variable) requested. First and last names (or unique numerical identifier) must be provided as a separate field (variables).

50. During the pendency of this Decree, Defendant shall make a representative with knowledge available for audits upon request by EEOC to determine compliance with this Decree. EEOC shall provide notice of audit subject matter not later than fourteen (14) business days in advance but, at a minimum, the audit shall include whether Defendant has received any complaints about discrimination. Any requested audit will be conducted at a mutually agreeable time and place.

51. During the pendency of this Decree and at the EEOC's request, the SME shall also have the right to speak with the EEOC regarding Defendant's compliance efforts.

## IX. ENFORCEMENT

52. If the EEOC determines that Defendant has not complied with the terms of this Decree, the EEOC shall provide written notification of the alleged breach to Defendant, within thirty (30) days. The EEOC shall not petition the Court for enforcement of this Decree for at least thirty (30) days after providing written notification of the alleged breach except under circumstances where the delay would cause harm to the EEOC, the Charging Party or Defendant. The EEOC and Defendant shall utilize the thirty (30)-day period to engage in good-faith efforts to resolve the dispute. The EEOC may extend this period at its discretion.

53. If the thirty (30)-day period to engage in good-faith efforts to resolve the dispute has passed with no resolution and the EEOC has not opted to extend the period, the EEOC may petition this Court to enforce compliance with this Decree. If the EEOC petitions the Court and the Court finds Defendant to be in substantial violation of any terms of the Decree, the Court may order relief as the Court deems appropriate.

## X. RETENTION OF JURISDICTION

54. The United States District Court for the District of Nevada shall retain jurisdiction over this matter for the duration of this Decree for the purpose of ensuring compliance with the Consent Decree. At the expiration of this Decree, the United States District Court for the District of Nevada shall dismiss the case with prejudice, with each party to bear its own attorney's fees and costs.

## XI. DURATION AND TERMINATION

55. These provisions and requirements of this Consent Decree will remain in effect for two (2) years and six (6) months after the Effective Date and will expire on its own terms absent a pending enforcement action or Court order.

## XII. SIGNATURES

56. Each signatory to this Consent Decree certifies that each is fully authorized to execute this Consent Decree and to bind the parties on whose behalf each signs.

Dated: This 18th day of September, 2026

DAMIEN A. LEE
Acting Regional Attorney

MARIKO M. ASHLEY
Acting Assistant Regional Attorney

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

BY: ___*/s/ Damien A. Lee*_______________
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3038
Email: damien.lee@eeoc.gov

BY: ___*/s/ Mariko M. Ashley*_____________
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0943
mariko.ashley@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY:_ /s/ Dan Rackley
President_________________________________

*Defendant Blue Eagle Contracting, Inc..*

*For the purpose of L.R. IC 5-1, Dan Rackley states that Plaintiff EEOC has consent to use his /s/ electronic signature on this [Proposed] Consent Decree.*